```
IN THE DISTRICT COURT OF THE UNITED STATES
      FOR THE DISTRICT OF SOUTH CAROLINA
               CHARLESTON DIVISION
```

| | |
|---|---|
| Dominique A. Fitz, ) | C.A. No.: 2:14-cv-03811-DCN-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Stokes Automotive Inc., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, represented by counsel at the time, filed the instant action September 29, 2014. (*See* Dkt. No. 1.) On August 14, 2015, Plaintiff's counsel moved to be relieved as counsel of record for Plaintiff. (*See* Dkt. No. 26.) In that motion, counsel for Plaintiff stated that he sought to withdraw because Plaintiff "has failed to assist in her representation," as counsel "has made numerous attempts by phone since January 2015 . . . to contact the Plaintiff to assist in responding to written discovery requests from the Defendant." (Dkt. No. 26 at 1 of 2.) Counsel detailed his failed attempts at contacting Plaintiff in that motion. (*See* Dkt. No. 26 at 1-2 of 2; see also Dkt. No. 26-1; Dkt. No. 26-2; Dkt. No. 26-3; Dkt. No. 26-4; Dkt. No. 26-5.)

On September 9, 2015, this Court granted the motion of Plaintiff's counsel to withdraw. (Dkt. No. 29.) That Order stated, *inter alia*, "Plaintiff has thirty (30) days from the date of this Order to retain new counsel or to indicate her intention to proceed *pro se*, that is to say that she will represent herself in this matter." (Dkt. No. 29 at 1 of 2.)

When the thirty-day period referenced in the September 9, 2015 Order passed with no response from Plaintiff, the undersigned issued an Order on October 23, 2015, giving Plaintiff until November 12, 2015, to comply with the Order dated September 9, 2015. (*See* Dkt. No. 34.) The October 23, 2015 Order stated, *inter alia*,

The Plaintiff is advised that if she fails to respond, this action will be subject to

1

dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

(Dkt. No. 34 at 1-2.)

Plaintiff failed to respond to the Court's Order dated September 9, 2015; she also failed to respond to the Court's Order dated October 23, 2015. (*See* Dkt. No. 29; Dkt. No. 34.) Additionally, Plaintiff failed to appear at a November 17, 2015 hearing before the Honorable David C. Norton, the United States District Judge presiding over the case *sub judice*. (*See* Dkt. No. 39.)

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The Clerk of Court shall mail this Report and Recommendation to Plaintiff at 301 Chessington Circle, Summerville, SC 29485 and email a copy of this Order to Plaintiff at dfitz1124@gmail.com, the last known contact information for Plaintiff.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 18, 2015
Charleston, South Carolina

**Plaintiff's attention is directed towards the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).